<div style="text-align">**GRAFTON, NOVEMBER TERM, 1823.**</div>

## HAVERHILL AND FRANCONIA IRON MANUFACTORY
<div style="text-align">*vs.*</div>

### JONATHAN BARRON *et al.*

A collector has no authority to sell the land of non-residents, for taxes, until he has received a copy of his tax list from the deputy secretary of state.

THIS was a writ of entry, in which the demandants counted upon their seisin of a tract of land in Bath, within twenty years, and upon a disseisin by the tenants.

The cause was tried here, at May term, 1823, upon the general issue. The demandants, having shewn a seisin with-

in twenty years, the tenants attempted to shew a title, under a sale of the land in the year 1812, for taxes assessed upon it, as land of a non-resident, in 1811 ; but it appearing in evidence, that the collector, who sold the land, did not receive a copy of his list from the deputy secretary, previous to the sale, agreeably to the provisions of the 4th section of the act of December 10, 1796, entitled, " an act for taxing the " lands and buildings of non-residents," the court directed a verdict to be taken for the demandants, subject to the opinion of the court, upon the case above stated.

*Fletcher* and *Young*, for the demandants.

*Bell* and *Goodall*, for the tenants.

RICHARDSON, C. J.   The question, which this case presents for our decision, is, whether the unimproved lands of non-residents can be sold for taxes, by a collector, before he has received from the deputy secretary a copy of his list, delivered to the said secretary, in pursuance of the provisions of the statute ?   The statute of December 10, 1796, entitled, " an act for taxing the lands and buildings of non-residents," provides, that the unimproved lands of non-residents shall be taxed, in the respective towns, their equal proportion of all state and county taxes ; that the selectmen shall make out and deliver to the collectors a list of the assessments, on or before the 30th May, annually ; that on or before the eighth day of the next session of the general court, after the assessment of the taxes, the collector shall deliver to the deputy secretary a copy of his list of such taxes, which the deputy secretary is to keep until the first day of September, and is empowered while the list remains in his hand, to receive the taxes, and give a discharge ; that at any time after the first of September, on application made to him by the collector, the deputy secretary is to return to the collector a copy of the said list.   " And after the said first day " of September, any of said collectors, who may have re- " ceived copies of their lists from said deputy secretary," shall proceed to advertise and sell at auction " so much of " each delinquent's estate as will pay said taxes, with inci- " dental charges."

Iron Man.
*vs.*
Barron et al.

We are of opinion, that a collector has no authority, under this statute, to sell land, until he has received from the deputy secretary, a copy of his list. The lists are sent to the secretary to enable him to receive the taxes ; and he is authorized to receive them until a copy of the list is returned to the collector. When, after the 1st Sept. the collector demands and receives his copy, the power of the secretary to receive the taxes is suspended, and then the collector may proceed to sell. The utility of this provision is very obvious. For if the collector were permitted to sell before he received the copy, and thus suspended the power of the deputy secretary, the collector might be selling the land in one place, while the deputy secretary was receiving the tax in another. To prevent this confusion, the statute confers the power to sell upon collectors, who may have received copies of their list from the secretary, and upon them alone. This is the plain letter of the statute, from which there seems to be no reason to depart. Indeed, we think some provision of the kind was essentially necessary ; and whether this is the best that could be made, is not for us to say. In the present case, the collector proceeded to advertise and sell the land, before he received a copy of his list. This, we think, he was not authorized to do ; and acting without due warrant of law, his doings are void, and there must be

*Judgment on the verdict.*